02-11-219-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00219-CV

 

 


 
 
 Guardianship of John David Harris, an Incapacitated
 Person
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM Probate
Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On
June 20, 2011, we received Appellant’s “Notice of Restricted Appeal” appealing
the trial court’s December 29, 2010 order appointing a temporary guardian ad
litem for Appellant’s father.  Appellant’s father passed away, and on February
20, 2011, the trial court dismissed the guardianship investigation.  We sent
Appellant a letter on June 28, 2011, notifying Appellant of our concern that we
lacked jurisdiction over this appeal because it appeared that he was attempting
to appeal an unappealable order.  Specifically, the order appointing the
guardian ad litem did not appear to be a final judgment or an appealable
interlocutory order.

On
July 11, 2011, we received a response from Appellant.  That same day, we sent
another letter to Appellant expressing our concern that any complaint regarding
the temporary guardian is now moot because the case has been dismissed.  See,
e.g., Hamilton County v. Cooper, No. 05-07-00307-CV, 2007 WL
2774166, at *1 (Tex. App.—Dallas Sept. 25, 2007, no pet.) (dismissing an appeal
from a temporary injunction as moot after trial court rendered a final judgment
in the case).  We notified Appellant that we would dismiss this case for want
of jurisdiction unless Appellant or any party desiring to continue the appeal
filed with the court within ten days a response showing grounds for continuing
the appeal.

On
July 22, 2011, we received a response from Appellant.  However, Appellant’s
response does not show grounds for continuing the appeal.  Appellant complains
of various acts by the temporary guardian ad litem regarding the estate of
Appellant’s father, and he argues that these acts constitute a continuing
controversy between the parties.  Any such controversy between the parties does
not, however, flow from the propriety of the temporary guardian’s appointment. 
Further, Appellant does not explain how a judgment from this court could remedy
what harm Appellant claims to suffer.  See In re Smith, No.
05-09-00913-CV, 2010 WL 4324434, at *2 (Tex. App.—Dallas Nov. 3, 2010, orig.
proceeding) (mem. op.).  We therefore dismiss this appeal as moot.  See
Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM



 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DELIVERED:  August 18, 2011









[1]See Tex. R. App. P. 47.4.